IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGG DUCKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  02-cv-381-JLF |
| | ) | |
| DAVID MADIGAN, et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER**

This matter is before the Court on  two Motions for Appointment of Counsel (Doc. 8 and 10) filed by the plaintiff, Gregg Duckworth, on December 3, 2004, and February 23, 2005, respectively.  The Court will rule on these  motions  without a hearing.  The Court **GRANTS** plaintiff's second  Motion for Appointment of Counsel and **MOOTS** the first motion for Appointment of Counsel.

There is no constitutional or statutory right to counsel by a civil litigant.  Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995).  Discretion, however, is granted to the Court by 28 U.S.C. § 1915(e)(1).  Under *Special Order No. 13, Order Amending Local Rule 1(f)*, as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In Heidelberg v. Hammer, 577 F. 2d 429 (7th Cir. 1978), the Court recognized that the question of whether or not to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights" Id at 431.  The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful.  Miller v. Pleasure, 296 F.2d 283, 284 (2nd Cir. 1961).

The threshold burden the litigant must meet is to make a reasonable attempt to secure

private counsel.  Zarnes, 64 F.3d at 288.  After meeting the threshold burden, there are five

factors that a district court should consider in ruling on a request to appoint counsel.  Those

factors are  (1)whether the merits of the claim are colorable; (2) the ability of the indigent to

investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more

likely be exposed where both sides are represented by counsel; (4) capability of the indigent

person to present the case; and (5) the complexity of  the legal issues raised by the complaint.

See  Merritt v. Faulkner, 697 F.2d 761, 764 (7th Cir. 1983); McKeever v. Israel, 689 F.2d 1315

(7th Cir. 1982); Maclin v. Freake , 650 F.2d 885,887-889 (7th Cir. 1981).  More recently, the 7th

Circuit has stated the inquiry is a simpler one than stated in Maclin.   "[t]he necessary inquiry is .

. . given the difficulty of the case, did the plaintiff appear to be competent to try it himself, and if

not,  would the presence of counsel have made a difference in the outcome?"  Farmer v. Hass,

990 F.2d 319, 322 (7th Cir. 1993).

Duckworth made three attempts to secure private counsel.  One of the lawyers he

contacted drafted his complaint  and sent Duckworth  handwritten notes regarding witnesses.

The lawyer also consulted a doctor regarding Duckworth's medical care.  In that doctor's

opinion, one of the doctor's who treated Duckworth at the jail "violated the standard of care."

This Court finds that Duckworth met the threshold burden in making a reasonable attempt to

secure private counsel.  Zarnes, 64 F.3d at 288.

Duckworth has had three cancer  surgeries.   He may still be undergoing treatment for

his cancer.   He has no training in the law and has not filed any other lawsuits.  An attorney

drafted his original complaint and jailhouse lawyers assisted him in other filings.   Due to the

medical complexity of the case, numerous medical records,  Duckworth's medical situation, and

the possibility that medical experts may be involved, the Court finds that Duckworth would not be capable of presenting the case himself.

Therefore appointment of counsel is warranted.

Accordingly, Duckworth's second Motion for Appointment of Counsel (Doc. 10) is **GRANTED** and the first motion for appointment of counsel (Doc. 8)  is **MOOT**.

It is further **ORDERED** that Daniel P. Jaffee, Husch & Eppenberger, 190 Carondelet Plaza, Suite 600, St. Louis, Missouri, 63105 is appointed to represent the plaintiff, Gregg Duckworth,  in this cause of action.

**DATED: April 21, 2005.**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**