IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGG L. DUCKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:02-cv-381-JLF |
| | ) | |
| DAVID J. MADIGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge James L. Foreman pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Defendant, Maher Admad, on July 21, 2005 (Doc. 29). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The Plaintiff's sole claim is that the Defendant's were deliberately indifferent to a serious medical need from August, 1999 to January 11, 2001 when he was diagnosed with bladder cancer. He asserts that despite complaining about blood in his urine, pain, and other medical conditions, he was not given medical care while he was housed at the Champaign County Jail. He also alleges that his complaints were ignored when he was transferred to the Joliet Correctional Center and the Centralia Correctional Center. Defendant, Doctor Maher Ahmad, was a treating physician at the Champaign County Jail. Defendant Madigan was the Sheriff of Champaign County during the relevant time period and Doctor Francis Kayira treated the Plaintiff at the Centralia Correctional Center

The Plaintiff's complaint is dated April 30, 2002 and it was filed on May 2, 2002 along with a motion to proceed *in forma pauperis*. The motion was granted by an order dated August 4, 2002. Thereafter, the Plaintiff paid partial filing fees throughout the course of 2002, 2003, and in the beginning of 2004. On December 3, 2004, almost 2 years after the complaint was filed, District Judge Foreman screened the complaint and referred this case to Magistrate Judge Frazier (Doc. 5). Also in that order, the U.S. Marshal was specifically directed to serve Defendants Madigan, Ahmad, and Kayira. The Clerk's Office diligently prepared the service documents, including the waiver forms, USM-285 forms, and the complaint, and forwarded these documents to the U.S. Marshal on December 9, 2004.

It appears, however, that the U.S. Marshal did not serve these documents on the Defendants until May, 2005. With respect to Defendant Ahmad, the U.S. Marshal received the service documents on December 10, 2004. The U.S. Marshal, apparently, did not attempt to serve these documents until May 3, 2005. A waiver was received on May 18, 2005. The waiver was then docketed by the Clerk on May 18, 2005 (Doc. 19). Defendant Ahmad timely filed a motion to dismiss on July 7, 2005. That document was stricken by the Clerk's office due to various deficiencies (Doc. 26). The motion was re-filed on July 21, 2005 (Doc. 29).

## CONCLUSIONS OF LAW

**Timeliness of Service**

The Defendant first seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) as he argues that he was not served within the time limit prescribed by Rule 4(m). He argues that service was not made until three years after the filing of the complaint and that this time is well beyond the time limit outlined in Rule 4(m). Rule 4(m) provides that service must be made

within 120 days of the filing of the complaint and that the Court may extend this time period "if the plaintiff shows good cause for the failure." In this case, the Complaint was filed on May 2, 2002. Section 1915A screening occurred on December 3, 2004 and this Defendant was not served until May 17, 2005, well beyond the 120 day time limit.[1]

In response, the Plaintiff relies on Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995). In that case, the Seventh Circuit Court of Appeals specifically extended Sellers v. United States, 902 F.2d 598 (7th Cir. 1990), and held that a "prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)." Graham, 51 F.3d at 713. The Defendant does not cite to Graham but instead relies on a number of cases that are not specifically applicable to this case. For example, Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129 (11th Cir. 2005), cited by the Defendant on page 3 of his brief, concerns a Plaintiff who is not a prisoner and who made a mistake concerning the timing of service. The fact pattern is completely different from this case and is thereby distinguishable.

It is clear in this case that the Plaintiff provided all of the necessary documents and that the U.S. Marshal failed to timely serve the Defendant. Such a failure on the part of the U.S. Marshal cannot, in all fairness, be taxed to the Plaintiff. An incarcerated Plaintiff, who is proceeding *in forma pauperis*, has only a limited ability to compel the U.S. Marshal to comply with an order of this Court. This Court can only find that the failure to serve Defendant Madigan

---

[1] For statute of limitations purposes, a complaint is filed when it is received by the Clerk's office. Robinson v. Doe, 272 F.3d 921, 922 (7th Cir. 2001). Service is not initiated until the Court conducts a screening pursuant to 28 U.S.C §1915A – as such, the clock for service did not begin to run until December 3, 2004 (when the §1915A order was issued).

was occasioned by a delay in the U.S. Marshal's office and beyond the control of the Plaintiff. As such, good cause exists for the extending the time within which the Plaintiff could effect service on Defendant Ahmad.

Moreover, the Court notes that Defendant Ahmad, by signing the waiver of service form, retained all defenses "except for objections based on a defect in the summons or in the service of the summons." Failing to timely serve the Defendant is a defect in the service of summons. As Defendant Ahmad specifically waived such an defense, this argument must fail.

**Medical Malpractice**

The Defendant next argues that the Plaintiff is essentially asserting a medical malpractice claim and that §1983 does not recognize such a claim. This argument is without merit

Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004) (discussing a Rule 12(b)(1) motion to dismiss); Jet, Inc. V. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004).

The Defendant asserts: "[t]o state an action against Dr. Ahmad . . . there must be proof that Dr. Ahmad was acting under color of state law . . ." and that "[t]o avoid dismissal, Duckworth must plead sufficient facts to demonstrate that a fact-finder could infer . . . ." These arguments misapprehends the requirement of Rule 8(a). Rule 8(a) merely requires notice

pleading and not the type of fact pleading that the Defendant advocates throughout parts of this argument. In addition, Judge Foreman already has ruled that the Plaintiff has stated a claim under the Eighth Amendment in the screening order issued on December 3, 2004. The standard under 28 U.S.C. §1915A(b)(1) is the same as the standard under Rule 12(b)(6). See Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Defendant has made no argument that would render Judge Foreman's previous order inapplicable or in error. In any event, the Plaintiff claims that he was passing blood in his urine and that his medical condition was not treated at the Champaign County Jail. He notes that while testing was performed, no treatment was ordered. The total failure to provide treatment for a known, serious, medical conditions can be deliberate indifference in violation of the Eighth Amendment. See generally, Greeno v. Daley, 414 F.3d 645, 652-653 (7th Cir. 2005). That the Plaintiff may only be able, ultimately, to prove a medical malpractice claim cannot result in dismissal at this stage.

**Qualified Immunity**

The Defendant's qualified immunity argument is rather confusing. This confusion is compounded by the Plaintiff's failure to squarely address this issue.[2] In making his argument, the Defendant states, "even if this Court were to find that Dr. Ahmad violated the Eighth Amendment when treating Duckworth, he would be immune because all relevant precedent points to medical malpractice of the sort alleged in Plaintiff's Complaint as insufficient to state a constitutional violation" (Def. Brief at p. 9). It is unclear how such an assertion is related to qualified immunity.

In any event, in determining whether the Defendant is entitled to qualified immunity, the

---

[2] Although this is understandable given the confusion in the Defendant's argument.

Court must consider two questions: 1.) "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"; and, if the answer is yes, 2.) was "the right clearly established?" Saucier v. Katz, 533 U.S. 194, 201 (2001); See also Green v. Butler, 420 F.3d 689, 700-701 (7th Cir. 2005). As discussed above, the Plaintiff has stated a viable claim that the Defendant's actions violated a clearly established constitutional right.

With respect to the second question, the inquiry is specific to the circumstances of the case: "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. As only the facts as stated in the complaint can be considered at this point, it is clear that a person in Dr. Ahmad's position, a medical doctor at a prison, would be aware that withholding necessary medical care would be violation of the Plaintiff's constitutional rights. At this stage in the litigation, then, Dr. Ahmad is not entitled to qualified immunity.

**Statute of Limitations**

The Defendant's final argument is that the Plaintiff's claim is barred by a 2 year statute of limitations. Section 1983 contains no statute of limitations; rather, the applicable state limitations statute applies. As the parties agree, the applicable statute of limitations in Illinois for this kind of deliberate indifference case is the 2 year period for filing medical malpractice claims. 735 ILL. COMP. STAT. 5/13-212 (1991); See e.g. Sherrod v. Lingle, 223 F.3d 605, 614-615 (7th Cir. 2000). Specifically:

> no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first . . . .
>
> 735 ILL. COMP. STAT. 5/13-212(a).

The Defendant asserts that "[t]he Plaintiff, by his own admission, knew he had a serious medical condition when he wrote a letter [dated February 11, 2000] to Sheriff Madigan advising Mr. Madigan of 'additional complications' requiring 'additional attention for [his] condition'"(Def. Brief at p. 10). The Plaintiff, on the other hand, asserts that the statute of limitations did not begin to run until he was diagnosed with bladder cancer in January, 2001 (Pl. Brief at p. 6) or, at the very earliest, when he was no longer under Dr. Ahmad's care in June, 2000.

While Illinois law provides the 2 year limitations period, federal law determines when a §1983 claim accrues. Sellars v. Perry, 80 F.3d 243, 245 (7th Cir. 1996). A §1983 claim accrues "when the plaintiff knows or has reason to know of the injury that is the basis of his action." Id. at 245 (citing Hondo, Inc. v. Sterling, 21 F.3d 775, 778 (7th Cir. 1994). Put another way, "[c]ivil rights claims, therefore, accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Wilson Giesen, 956 F.2d 738, 740 (7th Cir. 1992). Based on these standards, this Court can only find that the Plaintiff's claim accrued, and the statute of limitations clock began to run, when he was diagnosed with bladder cancer in January, 2001. It was only at this time that the Plaintiff knew he had a serious medical condition and that prior medical care may have been deficient. Thus, it was only at this time that he had reason to believe that his Constitutional rights were being violated. Therefore, the complaint, filed in

7

April, 2002, is timely.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss filed by the Defendant, Maher Admad, on July 21, 2005 be **DENIED** (Doc. 29) and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 9, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**