IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGG L. DUCKWORTH,           )
                              )
          Plaintiff,          )
                              )
     vs.                      )    No. 02-381-JLF
                              )
DAVID J. MADIGAN, DR. MAHER   )
AHMAD and DR. FRANCIS F.      )
KAYIRA,                       )
                              )
          Defendants.         )

## OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DONALD G. WILKERSON

Defendant, David J. Madigan, by his attorneys, Flynn, Palmer & Tague, for his Objections to Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson, states as follows:

1.   The Report and Recommendation, citing Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995) and Sellers v. United States, 902 F.2d 598 (7th Cir. 1990), states that the failure of the U.S. Marshal to timely serve the Defendant Madigan with the documents provided by the Plaintiff cannot be taxed to the Plaintiff.

However, a pro se plaintiff is still held to a requirement of some diligence (see White v. SKF Aerospace, Inc., 768 F.Supp 498, 501 (E.D. Pa. 1991)).  At some point even a pro se plaintiff should be held responsible for inaction.

Plaintiff filed his Complaint on May 2, 2002. Incredibly, service took place more than three years after the

filing of the Complaint and almost three years after the latest
day the statute of limitations would have expired as to Defendant
Madigan.  In the meantime, Plaintiff filed a Motion for Leave to
Proceed in Forma Pauperis, paid filing fees and filed two Motions
to Appoint Counsel.  Yet he neglected to make sure that Defendant
Madigan was served with the Summons and Complaint.

  2. The Report and Recommendation also states that
Defendant Madigan, by signing the waiver of service form, waived
a Rule 4(m) defense of untimely service of the Summons.

   Rule 4(m) specifically provides for an exception to the
requirement of timely service if the plaintiff shows good cause
for the failure.  However, Rule 4(m) does not provide for an
exception if the defendant signs a waiver of service of summons.

   Moreover, Rule 4(d)(1) provides that a defendant who
waives service of a summons does not thereby waive any objection
to the venue or to the jurisdiction of the court over the person
of the defendant.  A district court lacks personal jurisdiction
over a defendant unless there has been proper service pursuant to
the Federal Rules of Civil Procedure.  Mateo v. M/S KISO, 805
F.Supp. 792, 794 (N.D. Cal. 1992).

   The Plaintiff did not cite any case law in support of
his argument that Defendant Madigan waived any defense regarding
insufficiency of service by executing the waiver of service.  If
this Court accepts the Report and Recommendation in this respect,
it will discourage the waiver of personal service which
heretofore has been encouraged.

3.     The Report and Recommendation states that the Court will not consider a statute of limitations argument made for the first time in a reply brief.  Defendant Madigan is not asserting a statute of limitations defense at this time.  Defendant Madigan mentioned the statute of limitations to show that the Rule 4(m) objection is not technical or frivolous because an action filed after a dismissal without prejudice pursuant to Rule 4(m) would be subject to a statute of limitations defense.

WHEREFORE, Defendant, David J. Madigan, prays that the Court dismiss this action without prejudice as to Defendant, David J. Madigan.

DAVID J. MADIGAN, Defendant

BY:  FLYNN, PALMER & TAGUE

By:  ___/s/  Jerome P. Lyke_____
       Jerome P. Lyke

Jerome P. Lyke
FLYNN, PALMER & TAGUE
402 West Church Street
P. O. Box 1517
Champaign, IL  61824-1517
Telephone:  (217) 352-5181
Fax:        (217) 352-7964

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2005, I electronically filed the foregoing Objections to Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson with the Clerk of the Court using the CM/ECF system which  will send notification of such filing to the following:

Daniel P. Jaffe
Husch & Eppenberger
190 Carondelet Plaza, Suite 600
St. Louis, MO   63105

Joseph A. Kilpatrick
Law Offices of Joseph A. Kilpatrick
2914 Delavan Drive
St. Louis, MO   63121

Timothy F. McCurdy
Husch & Eppenberger
190 Carondelet Plaza, Suite 600
St. Louis, MO   63105

James J. Hagle
Frederick and Hagle
129 W. Main Street
Urbana, IL   61801

Theresa M. Powell
Heyl, Royster, Voelker & Allen
First of American Center, Suite 575
P.O. Box 1687
Springfield, IL 62705


                              /s/  Jerome P. Lyke
                              Jerome P. Lyke


Jerome P. Lyke
FLYNN, PALMER & TAGUE
402 W. Church Street
P.O. Box 1517
Champaign, IL   61824-1517
Telephone:   (217) 352-5181
Fax:         (217) 352-7964
E-Mail:      jeromelyke@yahoo.com