IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| GREGG L. DUCKWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02-cv-00381-JLF |
| ) | |
| DAVID J. MADIGAN, ) | |
| MAHER AHMAD, M.D., ) | |
| and FRANCIS KAYIRA, M.D., ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF DAVID A. HARDY, M.D.

I, David A. Hardy, M.D., having been duly sworn upon my oath, state as follows:

1.  I am a medical doctor and a board-certified urologist with over thirty-four years of experience practicing in the St. Louis, Missouri metropolitan area.

2.  I have reviewed the deposition transcript of Maher Ahmad, M.D., taken on October 5, 2006, and I have also reviewed records relating to Gregg L. Duckworth's medical care while he was an inmate at Champaign County Correctional Center ("Champaign County").

3.  Hematuria is the presence of visible or non-visible blood in the urine. Hematuria is a sign that can indicate a variety of conditions within the urinary tract, including trauma, infection, stones, and non-life-threatening or even life-threatening malignancies.

4.  Included in the workup for identifying the condition causing hematuria are studies of the urine itself, imagining of the upper urinary tract, and direct visualization of the lower urinary tract. It is impossible to accurately assess the entire range of potential

EXHIBIT 5

conditions that may cause hematuria without ordering a complete workup that includes these testing procedures.

5.  After Mr. Duckworth presented to Dr. Ahmad on August 24, 1999 with hematuria, Mr. Duckworth should have been referred in a timely fashion to a urologist for a complete workup that included studies of the urine itself, imagining of the upper urinary tract, and direct visualization of the lower urinary tract.

6.  Dr. Ahmad, as medical director of Champaign County, was the only medical doctor that inmates could see upon request, was the only medical doctor who treated inmates at Champaign County during Dr. Ahmad's tenure as medical director, and was the only person at Champaign County with authority to write prescriptions for inmates or to refer inmates for medical treatment outside Champaign County. Therefore, Dr. Ahmad was solely responsible for: (1) supervising Mr. Duckworth's treatment, (2) observing that Mr. Duckworth was not improving and that his hematuria was, in fact, worsening, (3) reviewing records of Mr. Duckworth's treatment by outside providers, and (4) re-referring Mr. Duckworth to outside providers as his signs worsened.

7.  Dr. Ahmad, despite referring Mr. Duckworth for a urologic consultation at an outside facility, failed to supervise Mr. Duckworth's medical treatment, failed to observe that Mr. Duckworth's signs were worsening instead of improving, and failed to act on the recommendations of Mr. Duckworth's outside consultants in order to identify the condition causing Mr. Duckworth's hematuria. Instead, in 2000, Dr. Ahmad persisted for a period of several months in repeatedly ordering blood tests and blood cultures, which simply confirmed that Mr. Duckworth was, in fact, experiencing significant hematuria and that he did not display any signs of infection.

FURTHER AFFIANT SAITH NOT.

_____
DAVID A. HARDY, M.D.

STATE OF MISSOURI   )
                    ) SS.
COUNTY OF ST. LOUIS )

On this 14th day of December, 2006, before me, a Notary Public, personally appeared David A. Hardy, M.D., known to me to be the person who executed the within Affidavit and stated that the foregoing is true and accurate to the best of his knowledge, information, and belief.

_____
Notary Public

My Commission Expires:

SHERRI L. COOK
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: April 24, 2007