IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GREGG L. DUCKWORTH,**

 **Plaintiff,**

**v.**

**DAVID J. MADIGAN,**
**MAHER AHMAD, M.D., and**
**FRANCIS KAYIRA, M.D.,**

 **Defendants.**            Case No. 02-cv-381-DRH

## ORDER

**HERNDON, District Judge:**

  In the instant case, Plaintiff has filed a document entitled, "Stipulation of Dismissal of Plaintiff's Claims Against Defendant David J. Madigan Without Prejudice" (Doc. 85). First, the document does not amount to a "stipulation," as it has not been signed by defendant Madigan or his attorney; it is merely signed by Plaintiff's attorney. Further, nowhere in the document does it indicate an agreement or general consent exists between Plaintiff and defendant Madigan that would amount to a "Stipulation." Thus, it appears the incorrect filing event or document caption was selected when the document was electronically-filed. In any event, the Court will not deem this to be a "stipulation."

  Second, Plaintiff does not move pursuant to an applicable rule of civil

1

procedure, yet, the Court will construe this as being a Motion for Voluntary Dismissal, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)**. Plaintiff, in this document, has not actually "moved" for anything – which leads the Court to assume he is acting in accordance with **Rule 41(a)(1)**, which provides, "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Because defendant Madigan has already filed his Answer (Doc. 59), and this document regarding his voluntary dismissal was not signed by all the parties, Plaintiff cannot dismiss him without a court order stating allowing it.

Therefore, the Court will construe this as a Motion to Voluntarily Dismiss defendant Madigan without prejudice, made pursuant to **Rule 41(a)(2)**, which allows a court to consider whether it is proper to order a party dismissed, upon the plaintiff's motion. It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994);** ***Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980)**. In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff

in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. ***Tyco Laboratories,* 627 F.2d at 56**.

Though defendant Madigan has expended some effort in litigating this matter, the Court does not believe this effort outweighs the fact that if Plaintiff does not want to pursue this action, he should have the right to seek a dismissal of his action against defendant Madigan, especially given the fact that no objections to the dismissal were filed.  Accordingly, the Court **GRANTS** Plaintiff's request (Doc. 85) to dismiss defendant Madigan pursuant to **Rule 41(a)(2)**.  Plaintiff's claims against defendant Madigan are hereby **DISMISSED WITHOUT PREJUDICE**.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Signed this 30th day of March, 2007.

/s/      David   RHerndon
**United States District Judge**